GIMÉNEZ *v.* THE DISTRICT COURT OF SAN JUAN.

APPLICATION for a Writ of *Certiorari.*

No. 17.—Decided October 26, 1905.

CERTIORARI—CASES IN WHICH THE PETITIONER WAS NOT A PARTY TO THE PRIN-
CIPAL ACTION.—Only in very extraordinary cases will the writ of *certiorari*
be issued on the application of a person who was not a party to the action
to review the proceedings.

ID.—APPEAL.—An appeal is the proper remedy to correct errors in an ordinary
suit, and where it is alleged that proceedings are void or defective and that
such defects could not have been corrected during the progress of the case
by reason of the fact that the party aggrieved was not a party to the action,
he must have recourse to the remedy provided for by law.

ID.—ORDINARY REMEDY.—The writ of *certiorari* will not issue when there is a
remedy at law.

ID.—ACTS PERFORMED BY A MARSHAL.—The Supreme Court cannot review on
*certiorari* proceedings the acts performed by a marshal unless the same
have been included in the record of the case.

ID.—DUE DILIGENCE.—In order that an aggrieved party may avail himself of the
benefits of the writ of *certiorari,* he must show that he has exercised due
diligence and that he cannot obtain adequate relief by resorting to an or-
dinary remedy at law.

The facts are stated in the opinion.

*Mr. Torres Monge* for petitioner.

Mr. JUSTICE FIGUERAS deliverd the opinion of the court.

This is an application by Heraclio Gimenez for a writ of
*certiorari,* who alleges in substance:

That in an action brought in this district court by Jose
Olmedo against Gregorio Rodriguez for the recovery of dam-
ages, a writ of execution issued and a rural estate was at-
tached belonging to the petitioner, who has not been a party
to said action, and, consequently, has not been heard and de-
feated, as provided by law; that, although the petitioner was
surety for the defendant, Gregorio Rodriguez, the bond fur-
nished by him had nothing to do with the suit of *Olmedo v.
Rodriguez,* and the judgment rendered therein did not obli-
gate said Gimenez to anything; that a reconsideration and
annulment of the writ of attachment was applied for in due

time, the application being denied in open court; that Gonzalo Torres bought the estate at auction for $400, notwithstanding the intervention in ownership by the petitioner, Gimenez, before the marshal; and that the estate was subsequently sold by the successful bidder, Torres, to Eugenio Malpica, to the grave injury of the applicant, inasmuch as he was deprived of his property.

And to correct these proceedings, as he could not appeal from the judgment rendered therein on acocunt of not having been a party thereto, he makes application for this writ of *certiorari.*

But if the proceedings in the lower court are null and void no one purchasing under execution can obtain title, and there is no doubt that the petitioner has a remedy in the ordinary course of the law for the recovery of his property.

On the other hand, it is only in very exceptional cases that this court can review the proceedings in an action in which a petitioner for a writ of *certiorari* was not a party.

The proper method of correcting errors in an ordinary action is by an appeal, and when, as in this case, nullities or defects are alleged which it was not possible to correct during the action owing to the petitioner not having been a party thereto, the proper ordinary action must be brought for the recovery of his property, without awaiting the assistance of this Supreme Court.

It does not appear from the petition of the application that the illegal act on the part of the marshal forms part of the record, and if it does not, this court could not review the proceedings by the method sought. Furthermore, the law also gives the petitioner a proper remedy against said marshal if he has acted in violation of the law.

Summarizing these statements: ''In order that a person prejudiced may be entitled to the benefit of this writ, he must show that he has been diligent or that he cannot obtain an adequate remedy in the ordinary course of the law.''

With these words Mr. Justice Wolf closed his opinion in

the case of *Clotilde Delgado* v. *Leopoldo Cabassa,* in which case, as in that of *Arsenio L. Arpin* v. *Judge Ramos,* this Supreme Court developed and sustained the doctrine also herein set forth.

For all of these reasons the writ of *certiorari* should be denied.

*Denied.*

Chief Justice Quiñones and Justices Hernandez, Mac-Leary and Wolf concurred.